*Court copy*

SM

RECEIVED 2019 DEC 13 AM 11:20

Garrison Jones
Email:   garrison.jones@outlook.com

*Additional Defendants Listed on Next Page*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OOF ILLINOS

---

Garrison Jones

        Plaintiff,

   V.

Velocity Technology Solutions

DEFENDANTs,

all of whose true names are unknown,
INCLUSIVE,

        Defendants.

Michael Baldwin, *Individually and as
an employee of Velocity Technology
Solutions*
Shauna Colemen, *Individually and as an
employee of Velocity Technology
Solutions*
Chris Heller, *Individually and as an
employee of Velocity Technology
Solutions*
Chance Veasey, *Individually and as an
employee of Velocity Technology
Solutions*

Chad Carlson *Individually and as an*

---

DOCKET NO.: **1:18-cv-03288**

**1)MOTION TO VACATE
ILLEGAL, UNCONSCIABLE
AGREEMENT DUE TO FRAUD
UPON THE COURT
2)MISREPRESENTATION BY
DEFENDANTTrade Secrets
3) VOID AGREEMENT**

**MOTION FOR RELIEF FROM
AGREEMENT PURSUANT TO
FED.R.CIV.P.
RULE 60 (b), RELIEF FROM AN
ORDER OR JUDGEMENT(1) (3) (4) (6)**

(1) mistake, inadvertence, surprise, or
excusable neglect;

(2) newly discovered evidence that, with
reasonable diligence, could not have been
discovered in time to move for a new trial
under Rule 59(b);

(3) fraud (whether previously called intrinsic
or extrinsic), misrepresentation, or
misconduct by an opposing party;

(4) the judgment is void;

(6) any other reason that justifies relief.

© Timing and effect of the motion

**FILED**

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

DEC 13 2019

*employee of Velocity Technology Solutions*

Susan Haltopp, *Individually and as an employee of Velocity Technology Solutions*

Vickie Leroux, *Individually and as an employee of Velocity Technology Solutions*

Vickie Leroux, *Individually and as an employee of Velocity Technology Solutions*

Steve Kloeblen CEO , *Individually and as an employee of Velocity Technology Solutions*

JC Odom , *Individually and as an employee of Velocity Technology Solutions*

Nelson Bowles, *Individually and as an employee of Velocity Technology Solutions*

Pursuant to F.R.Civ.P. 60(b), Petitioner Garrison Jones moves the Court for its Order granting

him relief from illegal, unconsciable illegal settlement agreement of, August 17, 2018,

GARRISON JONES Email: garrison.jones@outlook.com
 *Plaintiff*

## I.    NATURE OF THE MOTION

**This is an action for relief from an illegal agreement of August 17, 2018 between the parties due to its illegality, fraud upon the court, misrepresentation, discovery of new evidence, new defendants both' individual, and corporate organizations  to pursuant to fed.r.civ.p.  rule 60 (b), relief from an order or judgement (1) (3) (4) (6)**

(1) mistake, inadvertence, surprise, or excusable neglect; where the plaintiff alleges surprise of

the elements hidden in said agreement that makes the entire agreement null and void

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered

in time to move for a new trial under Rule 59(b); where plaintiff due to technical issues with

computer equipment did not have access to the newly discovered evidence until early October

2019

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by

an opposing party; where plaintiff has clear and convincing of both intrinsic and extrinsic fraud

on behalf of the defendants and has prepared a detailed summary of those frauds as well as

frauds upon the court committed by the defendants in the Arizona Court of Appeals

Plaintiff alleges that defendants since the signing of the agreement has been conducting

outrageous and heinous acts of misconduct directly at the plaintiff and his family, via

cyberstalking, electronic harassment via email and has intentionally interfered in the personal

life of the plaintiff on a continuous basis.

(4) the judgment is void; because the terms of the **agreement** are illegal. In such a manner where in this case, neither party can go to court to enforce the agreement as threaten by the defendants and defendants' attorney on August 27, 2019.

where in just 4 days after signing said agreement, they continued without cause to harass the plaintiff and interfered with the administration of unemployment benefits to the plaintiff for over a year, where they presented, produced, and submitted to the Arizona Court of appeals fraudulent documents on four different occasions. The plaintiff in each case had to file appeals to counter the defendants' efforts and was victorious. These rulings are included in this motion as supporting documents of fraud by the defendant that they have committed in that jurisdiction as well bring the courts attention to the fraud they have committed in this jurisdiction and in this case.

(6) any other reason that justifies relief.

Where in this motion and accompanying evidence within as well as with the enclosed CD, will find multiple reasons for granting this motion and the relief sought in vacating said agreement of August 17, 2018.

The court will see that the defendants has continuously impeded and interfered in the bringing forth this evidence to the court.

In most cases before the court fraud on the court is false evidence that is passed on to the court by a witness via their testimony, that with or under cross-examination methods, the truth can be revealed and abstracted by skillful examination. This is not the case in fraud on the court. The fraud being committed by the defendants on the court goes to the integrity of the court system itself and with the discovery of its fraudulent intent and nature, the court has used it to grant and justify extraordinary relief such as setting aside judgments and reopening of controversial cases long after they have been closed. The case before the court is a perfect example of each

of the for mentioned reasons. The court must put stop to this fraudulent behavior as done by the judges in the AZ court of appeals.

The defendants have over the past year shown that they have no respect for the colors of our flag, defendants have shown they have no respect for the authority of the court, and certainly shown they have no respect for the color of the skin of the plaintiff, where they have repeatedly continued their fraudulent behavior beyond the jurisdiction of this court and because they feel "untouchable" began to infect the Arizona Court of appeals with the same fraudulent behavior and documentation. The plaintiff applauded the judges of the Arizona Court of appeals for stopping the defendants in their tracks with firm and sound rulings based on the evidence presented by the plaintiff in repelling the defendants' fraudulent conduct and acts upon the court in their jurisdiction.

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

If there was a case where Rule 60 (b) was applicable and a textbook example of how and why it was used, it is the case before the court at this time. The court has an opportunity to administer the intended outcome for which. Rule 60 (b) was created.

What was originally a civil case of racial discrimination, like a winding river that has evolved and changed its course, this case as it has developed is now a criminal case cloaked and in disguise as a civil diversity case.

The case was not a simple case of the plaintiff not receiving training and was chosen to view illegal videos to obtain certification in a software package he has worked with for over 27 years and has blossomed into a "Pelican Brief "status that includes the theft of stolen intellectual property and trade secrets and the uncovering of evidence that implicates a larger conspiracy that involve multiple corporations with a combined wealth of over $300 billion dollars. The narrow circumstances that slows the court with its authority to remedy an illegal unjust agreement that will not only will remove a barrier, but will open the flood gates to what the plaintiff hopes and prays an end to a horrific chapter in his life but also with the courts guidance a just settlement fitting of the intentional wrongdoings of the defendants and or placement of this case back onto the court calendar for trial. In addition to also and simultaneously and parallel criminal indictments and prosecution of the defendants who were

involved in the theft of the intellectual property and its use as a means of hatred and racial discrimination against the plaintiff.

The defendants in this agreement has by their own verbiage while falsely claiming that they admit no wrong doings but st the same time admitting that the committed wrong doings and if and when they are uncovered put a cap on their liability and at the same time setting the monetary award to the plaintiff at $0. This goes against the very core of torts where a party can set these limits and liabilities.

It is unlawful for a party to limit their liability for intentional wrongdoings. By doing this, the defendants are admitting to current and future wrongdoing.

The illegality of this goes to the same issues if fraud on the court as the defendants are attempting to hoodwink the court into believing that they have done nothing wrong. It is in the interest if justice and public interest that this agreement and all of its terms, conditions and flagrant disregard and disrespect for the laws of this country and this court be vacated.

The entire preface of what the defendants believe is a defense to this motion and their non-response or answer to the original complaint is centered on the stolen intellectual property from Infor.

As evidential proof, the plaint has submitted to the court two of the actual files/videos stolen. In addition, the plaintiff submits the certification plan as outlined by velocity and defendant Michael Baldwin showing the same weekly structure of directories that contained the stolen intellectual property that matches the certification plan.

In connecting this evidence with the semi annual review and the " Cloudsuite Training Academy" of the plaintiff it clearly demonstrates that the defendants are attempting to past off the impression that the stolen intellectual property is a legitimate velocity internal training program designed to certify employees in Infor Cloudsuite. However, the entire process was not only discriminatory to the plaintiff but every single component of this "process if you will" was illegal.

With that said, the plaintiff believes as time has elapsed, that the defendants have create a false defense to counter the claims by the plaintiff, however one fact and un-answered element still exist and remains.
if this was a legitimate exercise and for some ungodly reason Infor approved and or sanctioned it, then why the secrecy, why the cloak and dagger display and most important is if this was legitimate, then why did the defendants after learning the plaintiff had no intention to participate in the illegal activity and crimes being committed, why did the defendants delete

every single video , every single data file, ever directory where they were housed and why does the " Cloudsuite Training Academy that the defendants proudly created, why does it no longer exist?

Can't **access this recording because it had been deleted or no longer available.**



can't access this recording because it has been deleted or is no longer available. For more information, contact the

© 2018 Cisco and/or its affiliates. All rights reserved. Privacy Statement

The reason why for all of these unanswered questions is because all were not legitimate, it was not approved or sanctioned by Infor and finally it is because the defendants were caught red handed and had to quickly destroy the evidence. Unfortunately for them the plaintiff who the defendants have complete access to the stolen intellectual property, had anticipated this destruction and copied over 16 gigabytes of the stolen intellectual property that proves its existence and the plan the defendants had for it within the organization.

With the submission of the CD that accompanied this motion where each is over 5 hours in length it reflects the actual amount of a daily trading class and without a doubt clearly shows that neither the Infor instructor nor the 80 class participants had no knowledge that their privacy was being violated, that no one was aware that the session was being recorded, the video lacked the quality of a legitimate trading video produced by Infor , that its appearance and sound quality is as if the person recording it is like the pirated videos of a person in a movie theater. In addition, it is believe that at the time they were recorded, the defendants were not aware of the fact that the window that displayed all of the participants also displayed the name of the person recording the video. In each of the evidence videos submitted to the court, that defendant is no other than defendant Chad Carlson. A mistake that clearly indicated and identified the defendant and a dotted line to Velocity as the organization who sent him to accomplish this task.

Without these features contained in each video, the defendants would have a legitimate defense as to the origin and or individual who created/recorded these videos, however hat defense is out the window and not available to them. There is no possible explanation of how defendants name is on a stolen intellectual property video that is over 5 hours in length.

The reason for including these videos in support if this motion is to show the court the real issues related to this case. This piece of evidence would never be submitted by the defendants, as it is the most incriminating piece of evidence and one of the most significant pieces of evidence the plaintiff can submit to give the court justification in granting this motion.

In addition to this evidence, the court is in a position where the evidence submitted is in facto the reporting of a crime, a federal crime uncovered during the proceeding of a civil case. While not unprecedented, the court at its discretion report and send thus evidence to federal law enforcement and or the U.S Attorney for this district and, the district the crime occurred in or in the home state of the corporate office of Velocity for investigation and hopefully prosecution.

Defendants have just recently attempted to introduce the defense and element of confidentiality in regards to said agreement as well as plaintiff employment agreement falsely claiming that

these two agreements prevent he plaintiff from divulging confidential materials related to

Velocity.

---

**garrison.jones@outlook.com**

| | |
|---|---|
| **From:** | Burman, David J. (Perkins Coie) <DBurman@perkinscoie.com> |
| **Sent:** | Monday, November 25, 2019 4:48 PM |
| **To:** | garrison.jones@outlook.com; garrison.jones1724@outlook.com |
| **Subject:** | Valley Medical Center |

Thank you for reaching out to Valley Medical. Mr. Austria now works at the University of Washington Medical System, which is affiliated with Valley Medical. I am one of the lawyers for Valley, which is in a dispute with Velocity.

You should understand that Velocity contends that you signed agreements with it, including your employment agreement and settlement agreement, that prohibit you from sharing any of its confidential information with us, or disparaging it. We don't want you to accidentally violate any agreement you have with Velocity. But we are Valley's lawyers, not yours, so you cannot rely on us to protect you from Velocity, and if we talk there will not be any attorney-client privilege. If you want to have your own lawyer involved, we would welcome that. And we can arrange to have Velocity participate if you prefer that.

A hearing in Seattle is presently scheduled to start January 13. If we thought your testimony was necessary for that hearing, would you be willing to travel to Seattle at Valley Medical's expense? We might also be able to arrange to question you in Chicago before that time. (I understand you live in Chicago, but let me know if that's wrong.)

Thank you.

**David J. Burman** | Perkins Coie LLP
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
206.359.8426
DBurman@perkinscoie.com

---

Plaintiff was proactively contacted by the attorney of Valley Medical Center to guage his interest in testifyuing in a a

hearing scheduledd for Jan 13, 2020 against velocity, expense paid by Valley Medical Center.

When Velocity foud out that their own cusomer reached out to plaitiff, they quickly in a matter of days, settled the

dispute as they did not want the platiff to offer and give any testimony. This goes to the strenght of the plaintiffs

evidence and evdentary supporting testimony.

MOTION TO VACATE ILLEGAL AGREEMENT AND RECONSIDER

There is simply too much overwhelming evidence of what the plaitff is and has uncovered  for all of it to be untrue.


The defendants have attempted multip,e times to discredit him and has never been successful


**Defendant Chance Veasey, response to Plaintiff notification that he has class roster May 1, 2018**

From: Chance Veasey [mailto:chance.veasey@velocitycloud.com]

Sent: Tuesday, May 1, 2018 5:51 PM

Subject: [External] Velocity


Greetings - It is our understanding that you may have received an email from an individual regarding alleged actions of Velocity and its employees, including false claims about Velocity management and executives.

First, I want to apologize for any inconvenience this has caused you.

 Second, I want to assure you that here at Velocity we take any allegations of unfair treatment seriously.  Just as we would with any complaint received, we have been working in good faith with this individual to investigate all claims or allegations he has brought to our attention.  In fact, with the assistance of our outside advisors and counsel, we have thoroughly investigated this individual's claims and have been found them to be unsubstantiated.

Third, Velocity is a diverse and open organization, and we proudly promote diversity within our employee, partner, and supplier relationships.


 If you have any questions or concerns about the email you received or any other item, please reach out to me (612-337-3456 or chance.veasey@velocitycloud.com).

 Thanks, Chance

**J. Chancellor Veasey | SVP, Infor & Healthcare Line of Business | Velocity Technology Solutions, Inc.**

**o 612.337.3456 | m 612.703.8551| f 612.337.3400 | velocitycloud.com**


**Exhibit 8**

**12**

**Illegal stolen Intellectual property and Trade Secrets directories in defendants' network in "Cloudsuite Training Academy"**

**Defendant Chance Veasey, response to Plaintiff notification that he has class roster May 1, 2018**

From: Chance Veasey [mailto:chance.veasey@velocitycloud.com]

Sent: Tuesday, May 1, 2018 5:51 PM

Subject: [External] Velocity

Greetings - It is our understanding that you may have received an email from an individual regarding alleged actions of Velocity and its employees, including false claims about Velocity management and executives.

First, I want to apologize for any inconvenience this has caused you.

 Second, I want to assure you that here at Velocity we take any allegations of unfair treatment seriously.  Just as we would with any complaint received, we have been working in good faith with this individual to investigate all claims or allegations he has brought to our attention.  In fact, with the assistance of our outside advisors and counsel, we have thoroughly investigated this individual's claims and have been found them to be unsubstantiated.

Third, Velocity is a diverse and open organization, and we proudly promote diversity within our employee, partner, and supplier relationships.

 If you have any questions or concerns about the email you received or any other item, please reach out to me (612-337-3456 or chance.veasey@velocitycloud.com).

 Thanks, Chance

**J. Chancellor Veasey | SVP, Infor & Healthcare Line of Business | Velocity Technology Solutions, Inc.**
**o 612.337.3456 | m 612.703.8551| f 612.337.3400 | velocitycloud.com**

The plaintiff clearly recognized that Velocity was engaged in criminal activity and that it was
Velocity who violated said employment agreement as the plaintiff did not sign the employment
agreement even though it was not contained in the agreement, the plaintiff did not accept
Velocity employment to be involved in or participate in illegal criminal activity.

The defendants cannot claim confidentiality because the commission of a crime, a federal crime
offers no confidential protection.  The defendants in the midst of the planning and execution of
stealing intellectual property made available and gave the plaintiff fully access to the stolen
intellectual property.

If the defendants are now claiming that the stolen intellectual property is confidential, then the
defendants must first admit that it was stolen.  Defendants cannot claim rights to confidentiality
to property that does not belong to them.

Whether its probative value outweighs any prejudicial effect:

In as much the submittal of this evidence far outweighs the confidentiality of the defendants
claim and in the interest of justice and public interest also outweighs any protection if
confidentiality that the defendants desire and deserve, it will only allow them an opportunity to

destroy evidence if they already have not done so and also continue fraud upon the court in hiding the true nature of the plaintiffs' claims and incriminating allegations.

The door must be close on both the defense of legitimacy and confidentiality, as the defendants in escaping both the civil and criminal liabilities they brought upon themselves cannot use them.

Defendants have also introduced the idea that any disclosure will also result in economic loss, if there is any economic losses suffered, it is at their own hand, their own conspiracy, and their own fault that those losses should be attached to. Nothing that the plaintiff did contributed to said loss

What the defendants did was plan and executed theft and in the process violated federal law, they committed a crime. They used the " bounty " they obtained in the commission of that crime and introduced it as a means, tool and instrument of racial discrimination against the plaintiff in an elaborate scheme where they planned on using the same bounty as the see it " for good " by certifying the white employees of their organization after the plaintiff test drove the process for them, then they attempted to minimize and install legitimacy to it by disguising it under the headings of " Education/skill advancement and the heading of Cloudsuite Training

Academy " to somehow soften the appearance of stolen intellectual property. It is as it was then a complete fraudulent scam.

F

## II.   THE PARTIES

.

1.      Plaintiff GJ is a 61 year old Black African American, former employee of VTrade Secrets, with 28 years of Infor/Lawson supply chain experience, where in his career has consulted and or implemented Lawson Supply Chain software as the Lead Project leader and or consultant on every single engagement in those 28 years in over 300 healthcare organizations and facilities in the United States, Canada and Australia.

2.      Upon information and belief, Defendant Velocity Technology Solutions (Velocity) is alleged global technology firm located in Charlotte, North Carolina.

3.      Defendants live in multiple states, as the model for 70 percent of the employees is a "work from home office" The physical locations of each location may be in the states of North Carolina and or Minnesota.  True  state location is unknown to the plaintiff

### III.   JURISDICTION AND VENUE

4.      This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C.

§ 1331, as this case involves questions of federal law.

### INTRODUCTION

The court should know that the creation of this type of tort was a result of a conspiracy

of all defendants, specifically the executives and employees of Velocity complicit in

creating the new method of hate and discrimination for one reason and one reason only

to spread Hate.  The court in its judicial powers by granting this motion has the power to

squash this instrument of hate before it catches on as it already has and add to the ever-

growing list of hate and discrimination in our society.  To deny this motion is to close the

courts eyes, turn its back on this type of hate-filled conduct, and allow others to follow in

the hate-filled shoes now occupied by Velocity.  The defends have from the beginning

and at all times had **ulterior motives to resolve the case before the court, with the**

**main reason was the discovery / introduction and the admissibility of evidence of**

**the theft of stolen Intellectual property and Trade Secrets of Infor, the a victim as**

**well as a new defendant and participant in the racial discrimination of the plaintiff**

**and the use of their stolen Intellectual property and Trade Secrets as a means, tool**

**and instrument of hat and discrimination on the plaintiff.  In addition, the**

**concealment of federal violations related to Intellectual property and**

**misappropripriation of Trade Secrets that carry severe penalties and fines as well as prison terms. The defendants not intended to resolve the discrimination issues and succumb to undue pressure from Infor, business partners and investors to resolve the issue before their involvement and participation was discovered as well, where the implications would result in millions and perhaps billions of loss revenue.**

## TIMING OF MOTION

**Extrinsic, misrepresentation**

Fraud, fraud on the court, fraud on the plaintiff, both intrinsic and extrinsic fraud and, misrepresentation, as well as other misconduct by the defendants are express grounds for relief by motion under amended subdivision (b).

There is no sound reason for their exclusion. The incorporation of fraud and the like within the scope of the rule also removes confusion as to the proper procedure. It has been held that relief from a judgment obtained by both intrinsic and extrinsic fraud could be secured by motion within a "reasonable time," which might be after the time stated in the rule had run. As in this case where the defendants intentionally interfered in the timing of the filing and discovery of the fraudulent elements with miniscule fraudulent acts they committed in the submission of fraudulent documents to AZDES and the

subsequent appeals filed by the plaintiff to counter and resolved these issues that also

played a significant part in the delay of this motion. The plaintiff cites *Fiske v. Buder*

(C.C.A.8th, 1942) 125 F.(2d) 841; also *Bucy v. Nevada Construction Co.* (C.C.A.9th,

1942) 125 F.(2d) 213.The rule expressly does not limit the power of the court, when

fraud has been perpetrated  as it has on behalf of the defendants.


## NEWLY DISCOVERED EVIDENCE - INTENT

As set forth below, in the time since this agreement), he has discovered additional new

evidence that was previously unavailable and which is material to claim.  The most crucial is

the involvement of Infor, the organization and victim of the theft of Intellectual Property and

Trade Secrets by defendants.


The plaintiff discovered that the plan for the stolen Intellectual property and Trade Secrets was

to incorporate / integrate it and the subsequent revenue it would produce, throughout the

organization.


## NEWLY DISCOVERED EVIDENCE – INFOR


**It is the belief of the plaintiff that Infor is intimately involved in the theft of their own**

Intellectual Property and Trade Secrets as after the plaintiff notified them of the theft, that the court should know is worth in excess of $100 million dollars, that Infor failed to contact law enforcement.

Infor unsolicited, reached out to the plaintiff in early January 2018 and made

   a. a legally binded agreement with the plaintiff to support the plaintiff against Velocity.

   b. Infor established a point of contact for the submission of documents etc.

   c. Infor established a point of escalation

   d. Infor promised to escalation the issue of stolen Intellectual Property and Trade Secrets to Infor legal

   e. Inforp promised to escalation the issue of stolen Intellectual Property and Trade Secrets to Infor Education Leadership

Hello Garrison,

Your inquiry and reporting below has been escalated to our Education leadership.

As your point of contact for this reporting, can you please update as to which class / date of class / instructor (if you know) / names of attendees in violation of recording class.

**We would like to support you by assisting and taking over in this escalation.**

Can you provide more details?

Thank you!

MOTION TO VACATE ILLEGAL AGREEMENT AND RECONSIDER

**ESCALATED TO LEGAL**

To: garrison jones <garrison.jones1724@outlook.com>

Date: Monday, January 29, 2018, 12:05 PM -0800

Subject: RE: RE: additional info - recorded files

Yes of course, Garrison. You are welcome.

At this time, Infor Education Leadership has also informed that this matter has been moved into Infor Legal's hands.

**Infor asked for and received multiple exchanges in communication with the plaintiff**

He therefore submits this supplement to his with the additional evidence and arguments set

forth below or in the alternative, moves for relief from final judgment pursuant to Rule 60(b).

A Rule 59(d) where motion may be granted, "to correctly manifest to present newly discovered

evidence. And " the court, on its own, may order that the case via the motion for

reconsideration, and using the relevance of the new evidence to justify granting one on a party's

motion.  Even for a reason or reasons not stated in the motion  Attempting to introduce additional evidence, "the movant must show either (1) that the evidence is newly discovered, or (2) if the evidence was available at the time of the agreement.  It is obvious that in the time between the agreement and partly because the defendants were still actively pursuing acts of harassment and retaliation against the plaintiff, where at some point the plaintiff after 2 ½ years of this conduct, grew tired of being pushed around by the bully and began to fight back.  It is clear that the plaintiff was   diligent yet successful in uncovering /discovering the new r the evidence." he first scenario applies to situations where the new evidence arose after the signing of the agreement—meaning it was not in existence at the time of, Similarly, ed.R.Civ.P.60 (b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED.R.CIV.P.60 (b) (2).To be eligible for relief under Rule 60(b) (2),   in this case, it was a issue with technology that prevented the plaintiff from producing this evidence (Crashed laptop) The plaintiff located a data recovery specialist, that was able to harvest 78 percent of the data on the laptop hard drive, thus making it available to the plaintiff who uncovered a wealth of exhibits, documents, photographs and portions of his email account that was previously unavailable.

The plaintiff in the past has never made a statement or presented evidence to the defendants that was not supported by a clear and convincing piece of evidence. It is of his nature not to introduce "hearsay" or testify at any judicial hearing without support documents and or facts. This is true even now upon filing of this motion.

Had he had these explosive articles of evidence, the outcome

with the newly discovered evidence would probably produce a different result." Dronsejko v. Thornton, 632 F.3d 658, 670 (10thCir. 2011) (citing Zurich N. Am. v. Matrix Serv., Inc., 426.

With that said, with the newly discovered evidence, this case has become and blossomed into a "Pelican Brief" type scenario as the expanding list of defendants and motives they all appear to have played in the direct or indirect racial discrimination of the plaintiff and their knowledge of the stolen Intellectual Property and Trade Secrets by velocity and its intended use.

As part of the newly discovered evidence is a deep the deep planning by the Velocity defendants in integrating the stolen Intellectual Property and Trade Secrets into the very core of the organization and infrastructure. Case in point, within 2 weeks of the introduction of the very first session where the defendant Chad Carlson sent out a meeting invite to the plaintiff and two other Velocity employees. The plaintiff was told this was a "mandatory: meeting he

needed to attend. Plaintiff upon attending the meeting for the first time saw that what the defendants were doing was illegal as he was watching a live Infor training session, being recorded without the knowledge of all of the attendees.

## Garrison Jones

PSC04-Infor Professional Services - Lead
000041-PS - Infor

### Reviewed by Michael Baldwin

The plaintiff received his Mid-year performance review from defendant, Michael Baldwin. In his, review the only he the only Velocity employee that received a "below expectation" grade in all categories. A specific category was Education Skills Development where his manager has multiple reasons for grading the plaintiff below expectations. The first and obvious reason was because of his race, second was to make sure that the plaintiff did not qualify for a year-end bonus, and third was to make him appear "inferior to all other employees. He is intentionally crafting the review in this manner. The plaintiff was the only Lawson supply chain consultant in the Infor Practice, and the only one in the entire company he had no other employees under him; his title was Lead Infor Supply chain consultant. Eric Lubinsky, the white Finance lead, had at least nine, junior consultants under him as a lead they took

leadership from him on consulting issues. This matrix was intentional, as the defendants did

not want a black man telling any white employee in the organization what to do and how to do

it.

In the review the defendant Michael Baldwin makes a notion under this section that " His

counterpart reached out to him a couple of times, referring to defendant Chad Carlson, who is

not a consultant but a "support person with 7 years of support experience.

 A counterpart is defined as "a person or thing closely resembling another, especially in

function: Our president is the **counterpart** of your prime minister.  a copy; duplicate."

| Goal 8 of 9 | Skills | 0% Complete | ⌄ |
|---|---|---|---|

**Education / Skills Development**

2 - Below Expectations

Garrison hasn't been busy and has had opportunities to do some self-study, but has not taken advantage of it. He also had a chance to sit in on some of the first week of version 11 training, but only made it for one session. His counterpart tried to reach out to him a couple of times.

| Question 1 of 10 | Continuous Improvement | Weighted at 10% |
|---|---|---|

The employee is open to accept (and provide) constructive criticism from (and to) their colleagues. He/She avoi

2 - Below Expectations

The plaintiff had no "counterpart in the organization, the plaintiff has 27 years of experience

and has been in a lead role on every single project and or consulting assignment in those 27

years, in over 300 hospitals in this country, Canada and Australia. Defendant Chad Carlson as far as the plaintiff knows has never lead a supply chain engagement, yet, defendant Michael Baldwin is attempting again to make defendant Carlson appear equal to the plaintiff and his level of expertise.

Also it is shown in again that the defendant Baldwin recognizes that there has been only 1 session, but intentionally fails to indicate that the plaintiff had to back fill in support for defendant Carlson, who was handpicked by new defendant Vickie Leroux to attend Infor certification training instead of plaintiff, the only Infor supply chain consultant in the entire organization,

In addition, this is the first glance of how the organization has built the stolen Intellectual Property and Trade Secrets of infor into their business model as it is illustrated below that the plaintiff has on his review a notation by defendant Baldwin in his attempt to minimize the appearance of stolen Intellectual Property by attempting to disguise/camouflage it as "self – study. In fact is that he is saying that the plaintiff had he "opportunity to view stolen Intellectual Property and Trade Secrets in the form of illegally recoded videos".

**Education / Skills Development**

**2 - Below Expectations**

Garrison hasn't been busy and has had opportunities to do some self-study, but has not taken advantage of it. He also had a chance to sit in on some of the first week of version 11 training, but only made it for one session. His counterpart tried to reach out to him a couple of times.

Failing to record any of the facts, that he was chosen to work in support and that he had been assigned to another customer, to generate revenue and the fact that there were no other illegal sessions scheduled, also that the if they were scheduled the plaintiff would not be able to attend as he was onsite at another customer. Defendant Baldwin intentionally omitted all these variables. It is clear however, the intricate planning the defendants created related the use of the stolen Intellectual Property and Trade Secrets of infor within their organizations.

Sales people were told to push and stress the unearned credentials on "infor Cloudsuite Certified Partner" and the fact that they had "Infor certified Consultants" as part of their organization. However, the truth is that not one consultant in the organization had consulted on a single Cloudsuite project or implementation. It was clear fraud and done to lure in prospective customers and induce them to signing a contact, nothing more. Simply done to close a deal.

The defendants

| Goal 5 of 5 | Skills | 0% Complete | Weighted at 0% |
| --- | --- | --- | --- |

**Education / Skills Development**

2 - Below Expectations

Garrison hasn't been busy and has had opportunities to do some self-study, but has not taken advantage of it. He also had a chance to sit in on some of the first week of version 11 training, but only made it for one session. His counterpart tried to reach out to him a couple of times.



## NEWLY DISCOVERED CONSPIRACY

**Plaintiff since the agreement has discovered a vast amount of the**

**conspiracy of the defendants and the intended use of the stolen**

**Intellectual property and Trade Secrets of Info.**

As late as January 3, 2018 7 months after the theft of syolen Intellectual property and Trade Secrets defendants still had exclusive plans to use it

Defendant Michael Baldwin sent plaintiff links to his old files



Plaintiff lets the court know that the criminal acts and conspiracy goes deep into both executive and management individuals.

These acts were done with the approval and direction of Velocity executives and management, that was downloaded to mere mortal employees, who as a reward for committing these criminal acts were

paid with "inflated performance reviews and enhanced bonuses at year end

New defendant Vickie Leroux was intimately involved in the conspiracy as a Vice President, she was the one who got her two self-described " teachers pets, Eric Lubinsky and Chad Carlson selected to attend Infor Certification Sessions and was the voice who specifically had this done even though the logical chose was the plaintiff and at that point the discrimination where the stolen Intellectual property and Trade Secrets were planned to use against the plaintiff and the plan to use him as a " test tube nigger" and have him view the stolen Intellectual property and Trade Secrets videos, to get his certification, before this illegal method was completed by the other white employees of VTrade Secrets. Again, he was to do this as an example to the white employees to show "see if this nigger can pass the exam without taking a single class, then you can too.

It was also uncovered that there was also other motives by defendants Vickie Leroux and that was she was tired of being over support and this

**was her opportunity for a "power move/coup" within the organization. She took advantage of the plaintiff in passing him for training and also took advantage of the plaintiffs lawsuit and the debacle created by the current VP and defendant Chance Veasey and used his failures in the conspiracy when was involved in to get a promotion to SVP of the infor Practice as defendant Chance Vesey was demoted. The infor practice had over 45 consultants and the SAP Practice had approx. eight. Infor practice had revenue of over $100 million dollars and she had her eye on it. Total organization chaos.**

## ILLEGAL AGREEMENT

The entire agreement is illegal as the purpose of the agreement was to achieve an illegal end for

Velocity i.e. concealment of federal crimes of theft of intellectual properties and

Misappropriation of Trade Secrets as well as gaining unjust and unearned enrichment( profits)

from commission of a crime.  This illegal end is the concealment of the theft of intellectual property and illegal conspiracy by Velocity and the defendants to gain unjust enrichment and profits from the credentials "Infor Certified Business Partner and Infor certified consultants

Because **the** purpose of **the agreement** is to achieve an **illegal** end.


## UNCONSCIABLE

The agreement contained hidden terms in the **contract** that are meant  for the purpose to defraud  the plaintiff and was entered into  by the defendants after the victim  of the theft of Intellectual property and Trade Secrets ( Infor) had failed to satisfy the agreement  they  had secretly made in January 2018 with the plaintiff . As a direct result of that failure, Infor reached out to the very criminal organization who stole their Intellectual property and Trade Secrets for protection from inevitable. Lawsuit and litigation.  The defendants who had been caught red handed immediately agreed  and to repair the fractured relationship they created  by stealing the Intellectual property and Trade Secrets of their biggest revenue contributor, the defendants included language in the agreement to protect not only their employees and executives, but also business partners and investors as by this language, they were actively involved , had knowledge of or either directly or indirectly in both issues, the theft of the stolen Intellectual property and the racial discrimination of the plaintiff, GJ.  The involvement of Infor and the failure of the agreement was verified

by defendants own attorney Ogletree Deakins in a letter attached to an email on August 26, 2019.

After a year of the harassment by the defendants, who were as they always have been denying the harassment and lying at all times, the plaintiff began to fight back against the bully organization that was terrorizing him and his family for the past 2 years, by exposing facts of the criminal activity to defendants customers and to their own investors.

As part of the Agreement, you agreed, among other things, "not to make any disparaging statements or remarks regarding" Velocity or any of the released parties. You also agreed that if you do so, Velocity might seek damages, including attorneys' fees. Now, unfortunately, it has come to my attention that you have begun sending a series of emails and letters to individuals at Velocity, **Infor** and other parties, and that you have written to the New York Times publication. In each instance, your conduct has violated the plain terms of the Agreement

I

MOTION TO VACATE ILLEGAL AGREEMENT AND RECONSIDER

In the excerpt above Ogltree Deakins, attorney, Jennifer Colvin specifically mentions "Infor". This statement is a solid verification of the deal VTrade Secrets made with Infor to protect them from litigation.

The statement was not much to the plaintiff but to Infor to say, "See we are keeping our promise, and protecting you "It also confirms their involvement. As I have said, there I no logical explanation after an alleged "business partner steals your Intellectual property and Trade Secrets and you still do business with that firm. This unholy abomination of a relationship that the victim is now in bed with the criminal is beyond recognition and the court should know that we are talking millions of dollars

As part of the Agreement, you agreed, among other things, "not to make any disparaging ments or remarks regarding" Velocity or any of the released parties. You also agreed that if you ), Velocity may seek damages, including attorneys' fees. Now, unfortunately, it has come to my tion that you have begun sending a series of emails and letters to individuals at Velocity, Infor other parties, and that you have written to the New York Times publication. In each instance, conduct has violated the plain terms of the Agreement.

Despite your conduct in violation of the Agreement, at this time Velocity would prefer not to

The agreement was not for the purpose it was created, thus the illegality at the time of its signing existed then and it does now.  After the agreement was signed, the defendants, double-crossed all of its business, partners, investors for four days after signing it, the defendants extremely upset that this "nigger" foiled their plans and unleashed a pandoras' box of hate file, harassment, and retaliation against the plaintiff and his family.

**LIMITED LIABILITY**

Defended made gross misrepresentations related to attempting to limit their liabiity in future  litigation for themselves business partners, investors and declared that even though the plaintiff had just cause that if the plaitiff gains an advantage where he could receive signifigant monetary gain, that he would receive nonee.  The defendants did this as they  at the time of the agreement had intentionally cmmitted illegal acts, wrongdoing and willful misconduct that would evntually be uncovered and discovered.  However, a party can never limit their liability for intentional wrondoings  as in the case of the defendant who had and has commited many, tus making these term and condition completely illegal and unenforceable. By the courts. The defendants have participated in

known criminal acts where the penaties are severe and to allow defendants to put a "cap" on the fiancial penalities is simply unjust, knowing their track record of fraud, and deceit. This provison goes against and affects public interest. Knowing that future litigation is upon them the defendants again has added misrepresntation of the facts in agreeing to said agreement. When one knows that they will be involved in future litigation it is unjust to allow them to escape severe penaties when they are justifiable to the nature of the case or offense.

**FRAUD UPON THE COURT**

**Plaintiff in this motion and exhibits, show multiple examples of fraud committed by the defendants**

**INTRINSIC FRAUD**

**Plaintiff in this motion and exhibits, show multiple examples of intrinsic fraud committed by the defendants**

**EXTRINSIC FRAUD**

Plaintiff in this motion and exhibits, show multiple examples of extrinsic fraud committed by the defendants

## ACTUAL DOCUMENTED FRAUD ON BEHALF OF DEFENDANTrade Secrets

### Exhibit 100

## INTENTIONAL MISREPRESENTATIONS BY DEFENDANTrade Secrets

The plaintiff alleges that the defendants did not go into the agreement and make "innocent misrepresentations, they were planned intentional misrepresentations to the plaintiff as in the months prior to its signing, the defendants had ignored a failed to answer every single attempt by the plaintiff to settle the disputes prior to a trial. There had to be undue pressure from other sources i.e. business partners, investors, etc. that forced the defendants to resolve the dispute, before the uncovering of the stolen Intellectual Property uncovered their involvement and implicated them as well as the identified defendants and as a result their liability would be significant.

## NEGLIGENT MISREPRESENTATIONS BY DEFENDANTrade Secrets

**The plaintiff contends that the mispresentations by defendants were at all times negligent and he seeks and asks the court for recession of this agreement for the willful misrepresentation by the defendants.**

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIE

**Plaintiff has exhausted other remedies to resolve issues with the defendants as all have been un responded to.**

## CONCLUSIONS

By the court granting this motion, not only allows the removal of this illegal barrier of" injustice that exist and that the granting of this motion will stop the defendants from thinking it will solve any and all litigation, as well it will stop the defendant who are waving around it around like a get out of jail free card, waiting to pull it out like a loaded gun with the trigger cocked ready to shoot down anything and anyone who attempts to get in its path. The court by means of this motion and clear and convincing evidence that can see that this illegal unjust, unconscionable, fraud filled agreement must be granted in the best interest of justice and allow the plaintiff and this case to see the light of the court room. The granting of this motion will also allow the court to finally administer a just long overdue unprecedented ruling and serve as a stern warning to other organizations that remotely think of following in Velocity's footsteps.

### <u>FIRST CLAIM FOR RELIEF</u>

1. Plaintiffs incorporate by reference as if fully set forth herein the allegations

contained in paragraphs 1 through 97, above.

## RELIEF SOUGHT

Vacate of agreement of August 17, 2018 and placement of the case back on the court

calendar for trial

*RECONSIDER JUDGEMENT*
*REOPEN CASE*

Dated:  December 7, 2019                    Respectfully submitted,

Garrison Jones

By:  _____
         GARRISON JONES
         Plaintiff

## **DEMAND FOR HEARING**

Plaintiffs demand a hearing and or granting of a new jury trial on all causes of action and
claims to which they have a right to a jury trial.

Dated:  November 30, 2019                    Respectfully submitted,

By:  _____

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion was sent and delivered to Steve Kloeblen CEO, Velocity Technology solutions via USPS Certified Mail 7019 0700 001 6176 5213 Return Receipt 1901 Roxborough Road Charlotte, North Carolina 28211 It was received / delivered on December 2, 20019 @ 11:25 am

<div align="right">GARRISON JONES</div>

Mon 12/2/2019 8:29 AM

auto-reply@usps.com

USPS ® Item Delivered, Left with Individual 70190700000161765213

n.jones@outlook.com

are problems with how this message is displayed, click here to view it in a web browser.
ere to download pictures. To help protect your privacy, Outlook prevented automatic download of some pictures in this message.

Hello **Garrison Jones**,

Your item was delivered to an individual at the address at 11:25 am on December 2, 2019 in CHARLOTTE, NC 28211.

Tracking Number: **70190700000161765213**

**ARIZONA FRAUD 1**

DEFENDANT VELOCITY FRAUD SENT TO ARIZONA DEPARTMENT OF ECONOMIC SECURITY

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY**
Unemployment Insurance Program

**NOTICE TO EMPLOYER**
See Explanation on Reverse

Mail Date: 06/15/2018

Social Security No.: 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
Employer No.: 7628011-000
Charge Control Date: 01/01/2017
Benefit Year Beg.: 04/08/2018
Potential Charges: *

VELOCITY TECHNOLOGY
ENTERPRISES INC DBA
VELOCITY TECHNOLOGY SOLUTIONS
1901 ROXBOROUGH RD FL 4
CHARLOTTE NC 28211

GARRISON JONES ___ has filed a claim for Unemployment Insurance on 06/18/2018. The Department's Records show the claimant listed the reason for separation from your employment as **LAST EMPLOYER.**

If you are the Last Employer, the claimant listed the reason for separation from your employment as **DISCHARGE** and stated the last day worked was 03/15/2018.

YOU MUST COMPLETE AND SIGN THE REVERSE SIDE AND RETURN THIS NOTICE NO LATER THAN 10 BUSINESS DAYS FROM THE MAIL DATE. MAKE A COPY OF BOTH SIDES FOR YOUR RECORDS AND RETURN THE ORIGINAL TO THE ADDRESS SHOWN BELOW.

**EMPLOYERS RESPONSE**

My records show the last day of work as: _____

My records show the reason for separation was (Please mark only one box). Provide detailed information on the separation or other eligibility information on the reverse of this notice.

☐ Laid-Off    ☐ Voluntary Quit    ☐ Discharged

☐ Labor Dispute    ☐ Still Working Part-time

If you paid or will pay vacation, holiday, unused sick pay or severance pay on or after the last day of work, complete the appropriate section on the reverse, sign and return this notice no later than 10 business days from the mail date.

D. E. S.   L.O. 990
UNEMPLOYMENT INSURANCE PROGRAM
PO BOX 29225 MAIL DROP 5895
PHOENIX AZ 85038-9225

PHONE: (602) 364-2722
PHONE: (520) 791-2722
FAX: (602) 364-1211
FAX: (520) 770-3357

THIS NOTICE MUST BE SIGNED ON THE REVERSE TO BE VALID

*Exhibit 100 Court Copy 1:18-cv-03288*

*Documented Fraud By Defendants*

1

DEFENDANT SENT FORGED FRAUDELENT CLAIMING DEFENDNT STILL EMPLOYED **April 23, 2018**

| | DATE PAID | GROSS AMOUNT | # HOURS | | RATE OF PAY |
|---|---|---|---|---|---|
| VACATION | | $ | | $ | per |
| HOLIDAY | | $ | | $ | per |
| SICK | | $ | | $ | per |
| SEVERANCE | | $ | | $ | per |

**PROVIDE DETAILED SEPARATION OR ELIGIBILITY INFORMATION IN THE SPACE BELOW**

**PLEASE ENTER THE EMPLOYEE'S SSN** _____

✗ Employee still active with the firm.

**NOTICE MUST BE SIGNED TO BE VALID**

SIGNATURE: _____ PHONE NUMBER: 612-333-9885 FAX:

PRINT YOUR NAME: Nelson Bowler TITLE: Payroll Analyst

COMPANY NAME: Velocity DATE: 4-23-18

**PLAINTIFF ACTION – APPEAL**

**PLAINTIFF COUNTER DOCUMENTATION TO FRAUD BY DEFENDANT – FRAUD 1**

**garrison.jones@outlook.com**

| | |
|---|---|
| From: | Susan Holtapp <susan.holtapp@velocitycloud.com> |
| Sent: | Thursday, March 15, 2018 8:09 AM |
| To: | Chance Veasey |
| Cc: | Garrison Jones |
| Subject: | Garrison Jones |

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. His record remains in ADP reporting to Michael B. Please let us know if Michael or myself have open action item to release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday  | Velocity Technology Solutions, Inc.**
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m 612.802.6914|
email susan.holtapp@velocitycloud.com  | Website velocitycloud.com

DEFENDANT VELOCITY TECHNOLOGY SOLUTIONS FRAUD SEN SAME DOCUMENT TO AZ COURT OF APPEALS – **June 21, 2018**

# ARIZONA FRAUD UPON AZ COURT OF APPEALS -1

AZDES DECISION -

## AZ COURT OF APPEALS DECISION- ARIONA APPEAL U-159392-001

| | | |
|---|---|---|
| Arizona Appeal No. U-1595392-001 | Date of Mailing: | 6/22/2018 |
| Social Security No. 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 | Employer Acct. No. | 7428011000 |

### DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT
## EMPLOYER'S ACCOUNT IS CHARGED

The last day to file an appeal is   July 23, 2018  . Instructions for filing an appeal
are at the end of this decision.

charge.

The evidence shows that the claimant believed that he was to be discharged because
he was copied on an email that indicated that he was no longer employed and because
his job was posted for hire. The claimant contacted the employer's general counsel who
failed to answer the claimant's question as to why his job was posted.

The employer did not appear at the hearing and presented no evidence to show that the
claimant was not going to be discharged. The employer is, therefore, considered to be
the moving party and I conclude that the claimant did not quit but was discharged.

The employer did not present any evidence to show that the claimant's discharge was
for misconduct.

Therefore, I conclude that the claimant was discharged, but not for wilful or negligent
misconduct connected with the employment.

**B. J. Cather**
Administrative Law Judge

### CASE HISTORY:

Effective Date of Initial Claim: 4/8/2018                    Issue Code: 10,20
Date of Separation: 3/24/2018
Date of Determination: 5/17/2018
Appealed By: Claimant
Date of Hearing: 6/22/2018

Page 6—Arizona Appeal No. U-1595392-001

# ARIZONA FRAUD 2

DEFENDANT VELOCITY SHAUNAA COLEMAN VELOCITY HR DIRECTOR SENT WITHOUT THE KNOWELEDE OF PLAINTIFF
CONFIDENTAIL FMLA MEDICAL RECORDS TO ARIZONA DEPARTMENT OF ECONOMIC SECURITY WITHOUT AUTHORIZATION OR

3

CONSENT ON JUST 2 WEEKS AAFTER SENDING FRAUDELENT DOCUMENT CLAIMING HE IS STILL EMPLOYED, NOW FRAUDENTELY CLAIMING NOT ONLY IS HE STILL EMPLOYED BUT UNABLE TO WORK DUE TO STOKE NOVEMBER 2017

**The court if you will look closely at this document. It is a forgery created to appear authentic. The plaintiff has the original. In plaintiffs efforts to prove that it is a forgery he presented this document to two human resources professionals and within minutes they both made observations of its authenticity. The first observance was that the document is typed and has visible areas of the use of "white out". Documents of this nature are never typed but are handwritten. On this document, there is only one indication of manual entry and that is a check mark in a selected box. The rest of the document is typed and statically aligned in each slot where in other normal documents the information is hand written. One professional said she would not accept a document of this nature because of the same identified issues.**

– APRIL 23, 2018

Notice of Eligibility and Rights & Responsibilities
(Family and Medical Leave Act)

U.S. Department of Labor
Wage and Hour Division



OMB Control Number: 1235-0003
Expires: 5/31/2018

In general, to be eligible an employee must have worked for an employer for at least 12 months, meet the hours of service requirement in the 12 months preceding the leave, and work at a site with at least 50 employees within 75 miles. While use of this form by employers is optional, a fully completed Form WH-381 provides employees with the information required by 29 C.F.R. § 825.300(b), which must be provided within five business days of the employee notifying the employer of the need for FMLA leave. Part B provides employees with information regarding their rights and responsibilities for taking FMLA leave, as required by 29 C.F.R. § 825.300(b), (c).

**[Part A – NOTICE OF ELIGIBILITY]**

TO: Garrison Jones
_____ Employee

FROM: Shauna Coleman
_____ Employer Representative

DATE: February 20, 2018

On February 8, 2018 _____, you informed us that you needed leave beginning on 2/2/2X, Original D, 9/19/2017 _____ for:

___ The birth of a child, or placement of a child with you for adoption or foster care;

✓ Your own serious health condition;

___ Because you are needed to care for your ____ spouse; ____ child; ____ parent due to his/her serious health condition.

___ Because of a qualifying exigency arising out of the fact that your ____ spouse; ____ son or daughter; ____ parent is on covered active duty or call to covered active duty status with the Armed Forces.

___ Because you are the ____ spouse; ____ son or daughter; ____ parent; ____ next of kin of a covered servicemember with a serious injury or illness.

This Notice is to inform you that you:

✓ Are eligible for FMLA leave (See Part B below for Rights and Responsibilities)

___ Are not eligible for FMLA leave, because (only one reason need be checked, although you may not be eligible for other reasons).

___ You have not met the FMLA's 12-month length of service requirement. As of the first date of requested leave, you will have worked approximately ___ months towards this requirement.
___ You have not met the FMLA's hours of service requirement.
___ You do not work and/or report to a site with 50 or more employees within 75-miles.

If you have any questions, contact Shauna Coleman at shauna.coleman@velocitycloud.com _____ or view the

FMLA poster located in _____.

**[PART B-RIGHTS AND RESPONSIBILITIES FOR TAKING FMLA LEAVE]**

As explained in Part A, you meet the eligibility requirements for taking FMLA leave and still have FMLA leave available in the applicable 12-month period. **However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by** previously provided _____, . (If a certification is requested, employees must allow at least 15 calendar days from receipt of this notice; additional time may be required in some circumstances.) If sufficient information is not provided in a timely manner, your leave may be denied.

✓ Sufficient certification to support your request for FMLA leave. A certification form that sets forth the information necessary to support your request ____ is/ ✓ is not enclosed.

___ Sufficient documentation to establish the required relationship between you and your family member.

___ Other information needed (such as documentation for military family leave): _____

_____

_____

___ No additional information requested

Page 1                    CONTINUED ON NEXT PAGE                    Form WH-381 Revised February 2013

---

SINCE HIS STROKE IN NOVEMBER 2017 **APRIL 23, 2018**_____


PLAINTIFF ACTION – APPEAL    **ARIZONA FRAUD 2**

(PLEASE BE AWARE THAT THE DEFENDANT IS SUBMMITTING THE ORIGINAL DOCUMENT BUT LATER SENT A FRAUDELANT DOCUMENT THAT WAS ALTERED. ABOVE IS THE ORIGINAL DOCUMENT,)

PLAINTIFF COUNTER DOCUMENTATION TO FRAUD BY DEFENDANT – FRAUD 2

ACTUAL PHYSICIAN STATEMENT FROM PLANITFF DOCTOR SENT TO DEFENDANT ON 12/21/2017 THAT THEY HAD IN THEIR POSESSION AT THE TIME THEY SENT FRAUD DOCUMENT 2 TO ARIZONA DEPARTMENT OF ECONOMIC SECURITY. THE PHYSICIAN STATEMENT CLEARLY SHOWS THAT PLAINTIFF WAS CLEARED TO RETURN TO WORK ON 3/22/2018

IN ADDITION, THE JUDGE WHO READ ALL OF THE DOCUMENTS FROM APPEAL HEARING AZ APPEAL U1595392-001 MENTIONED ON THE RECORD, HOW CAN YOU BEON FMLA IN APRIL WHEN THEY TERMINATED YOU IN MARCH ?

## AZ COURT OF APPEALS DECISION- ARIONA APPEAL U-163959-001 ARIZONA FRAUD 2

GARRISON JONES
IN CARE OF BIRTE
PO BOX 1751
SACRAMENTO, CA 95812-1751

Arizona Appeal No. U-1639659-001        Date of Mailing:        10/23/2019

Social Security No. 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

### DECISION OF APPEAL TRIBUNAL

## IN FAVOR OF CLAIMANT

**The last day to file an appeal is ___November 22, 2019___. Instructions for filing an appeal are at the end of this decision.**

The evidence presented establishes the claimant's ability to work from 3/22/2018 forward. The claimant did not elect for FMLA but was provided such time by his previous employer. Their reason for giving the claimant FMLA is insufficient to establish an inability to work on behalf of the claimant. The claimant has present documents from his physician which cleared him for work. In the absence of any other evidence which shows the claimant was unable to work, I find the claimant was able to work during the time period of 4/8/2018 to 5/19/2018.

Page 2—Arizona Appeal No. U-1639659-001

# ARIZONA FRAUD 2

REF #2419311

**Lincoln**
Financial Group®

The Lincoln National Life Insurance Company
8801 Indian Hills Drive, Omaha, NE 68114-4066
Toll free (800) 423-2765
www.LincolnFinancial.com

**GROUP CONTINUANCE OF DISABILITY** ( 877 ) - 843 - 3956
**(PLEASE see FRAUD NOTICES attached)**

TO AVOID DELAY, PLEASE ANSWER ALL QUESTIONS COMPLETELY.
Velocity Technology Solutions, Inc. IS NOT RESPONSIBLE FOR CHARGES INCURRED FOR COMPLETION OF THIS
FORM. IT IS THE INSURED'S RESPONSIBILITY TO PROVIDE PROOF OF CONTINUED DISABILITY AT HIS/HER
EXPENSE.

### Attending Physician's Statement

1. Patient's Name _Garrison Jones_      Date of Birth Redacted
2. Diagnosis, Nature of Sickness or Injury (Describe complications, if any)
_stroke (L PICA, R PICA) w/ residual bbE weakness b/k visual_
_deficit_

3. a) Date of First Treatment     _11/03/2017_
   b) Date of Most Recent Treatment     _10/21/2017_
   c) Frequency of Treatments     _8-10/week_
   d) Type of Treatment Rendered     _physical therapy_
   e) Is surgery scheduled? If so, when?     _n/a_
4. The patient has been continuously Totally Disabled (unable to perform regular job) from _____ to _____
   The patient has been continuously Partially Disabled (some restrictions or light duty) from _11/03/2017_ to _5/21/2018_
   If the patient is still disabled, when should the patient be able to return to work? _a-con 7/31/2018_
5. Remarks or Comments: _pending further PT/vision rehab, then ophthalmology_

6. List Restrictions and Limitations: _visual impairment, weakness require _____ for ____ ambulation_

7. Physical Impairment:
   Class 1 – No limitation – capable of heavy work – No restrictions (1-10%):
   Class 2 – Medium manual activity (15 – 30%)
   Class 3 – Slight limitation of functional capacity, capable of light work (35 – 55%)
   Class 4 – Moderate limitations of functional capacity, capable of sedentary/clerical activity (60 – 70%)
   Class 5 – Severe limitation of functional capacity, incapable of minimum (sedentary) activity (75 – 100%)

8. Mental Impairments ( if applicable)
   Class 1 – Patient is able to function under stress and engage in personal relations (no limitations)
   Class 2 – Patient is able to function in most stress situation & engage in most interpersonal relations (slight limitation)
   Class 3 – Patient is able to engage in limited stress situation & limited interpersonal relations (moderate limitation)
   Class 4 – Patient is unable to engage in stress situations or engage in interpersonal relations (marked limitation)
   Class 5 – Patient has significant loss of psychological, physiological, personal & social adjustment (severe limitations)

Date _10/31/17_   Signed _____   /Degree/Specialty _Family Med, MD_
(Month Day Year)   (Attending Physician, No Stamps, please)

      Street Address _2627 N 7th Ave_
      City, State _Phoenix, AZ_
      Phone Number _602 406 5153_
      Fax Number _602 406 7176_

Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates.
GLC-06450-FTD

Page 1 of 3
10/15

**ARIZONA FRAUD 3**

Defendant files and appeal to  Arizona fraud 1  30 days after the deadline of July 23, 2018 on August 20, 2018 again attempting to produce more fraudulent fabricated documents claiming plaintiff  was still employed.  The appeal was denied and dismissed.



# Arizona Department of Economic Security

# Office Of Appeals

**1951 W. Camelback Road, Ste 400, Phoenix, AZ, 85015 (602)771-9019**
**Toll Free 1(877)528-3330 FAX (602)257-7056**

# DISMISSAL OF APPEAL

GARRISON JONES
705 W LIBERTY DR
WHEATON, IL 60187-4842

VELOCITY TECHNOLOGY SOLUTIONS
Appeal Staff
OGLETREE DEAKINS NASH SMOAK &
STEWART
ESPLADE CENTER III
2415 E CAMELBACK RD STE #800
PHOENIX, AZ 85016

Arizona Appeal No. U-1600605-001

Date of Mailing:  8/20/2018

Social Security No. 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

Employer Acct. No. 7428011-000

**8**

## NOTICE TO CLAIMANT

\***
**YOUR APPEAL HAS BEEN DISMISSED BECAUSE THE EMPLOYER DID NOT ESTABLISH GOOD CAUSE FOR FAILING TO APPEAR AT THE PREVIOUS HEARING.**
\***

\***

Today, I made a separate decision that found the employer did not have good cause for failing to appear at the hearing scheduled for 6/22/2018 and that the hearing would not be reopened. I am dismissing your appeal because the Tribunal decision issued 6/22/2018 remains in full force and effect.

You have no right to appeal this dismissal. However, you may request further review of my other decision that you did not have good cause for failing to appear at the scheduled hearing.
\***

**Richard Ebert**
Administrative Law Judge

Judge's ruling is as stated, "I am dismissing the appeal because the tribunal decision issued on 6/22/2018 remains in full force and effect, affirming that Velocity Technology solutions illegally terminated the plaintiff on March 15, 2018 but not for willful or negligent misconduct connected with the employment. This ruling affirms that the plaintiff was wrongfully terminated.

The employer did not present any evidence to show that the claimant's discharge was for misconduct.

Therefore, I conclude that the claimant was discharged, but not for wilful or negligent misconduct connected with the employment.

## ARIZONA FRAUD 4   OVERPAYMENT

Defendants had been cyberstalking the plaintiff and found out that he had in fact returned to work and reeling from the previous appeal losses, contacted AZDES and committed fraud once again, now claiming that the plaintiff was committing unemployment fraud, working and collecting unemployment at the same time.

AZDES action – halted payments and made a determination of fraud against plaintiff (a felony in the state on Arizona

**PLAINTIFF ACTION – APPEAL**

9

PLAINTIFF PLAINTIF displayed to the court that there was no way he was committing fraud and the court agreed. Plaintiff also informed the court that his former employer is involved in the so called "discover of fraud. The court agreed

**AZ COURT OF APPEALS DECISION- ARIONA APPEAL U-1642697-001 ARIZONA FRAUD 4**

Arizona Appeal No. U-1642697-001          Date of Mailing:          10/29/2019

Social Security No. 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

## DECISION OF APPEAL TRIBUNAL

# CLAIMANT WAS OVERPAID BENEFITS HOWEVER, CLASSIFICATION OF OVERPAYMENT IS CHANGED

**INTELLECTUAL PROPERTY / TRADE SECRETS FRAUD**

Exhibit a

Invite from Chad Carlson on June 14, 2017 as he used his home phone for audio to illegally listen on a live session.  I attended this session

On Wed, Jun 14, 2017 at 6:50 AM,
**Chad Carlson**
<chad.carlson@velocitycloud.com>
wrote:

Here's the Zoom Link that I will
have running during my training
today. I'll have my PC Audio
muted and hopfully you'll be able
to hear the instructor via my
Home Phone.

**Exhibit 1**

Certification plan Michael Baldwin Velocity senior mgr. Copied t Senior Director, Susan Holtapp and Chance Veasey, SVP

iPad 8:17 AM

< Inbox 1 of 4

---------- Forwarded message ----------
**From: Michael Baldwin (via Google Sheets)** <drive-shares-noreply@google.com>
Date: Fri, Sep 8, 2017 at 10:50 AM
Subject: Training Certification Plan 2017-09-05 - Jones, Garrison - Invitation to edit
To: michael.baldwin@velocitycloud.com
Cc: garrison.jones@velocitycloud.com, susan.holtapp@velocitycloud.com

Michael Baldwin has invited you to **edit** the following spreadsheet:

Training Certification Plan 2017-09-05 - Jones, Garrison

Garrison,

Attached is your certification plan that we have discussed for the CloudSuite Supply Management certification. This begins next week. The tasks are scheduled weekly and as each task is completed, please make sure to mark it completed by placing a check mark in column 1.

I will send you the link to the certification materials separately. They are grouped together by Week, such as Week 1 - Week 6. At the end of each week, we will have a review call with Chad Carlson to see how you did through the week.

It's critical that you stay focused on this process and complete each task in the week it was assigned. We can't delay this and your dedication to completing this process is critical to the success.

We plan to use this model to certify other resources within Velocity, so you are the test bed. It's going to require that you commit extra hours to complete this each week.

I will also follow up with you and Chad on a weekly basis to make sure that you are progressing

**Exhibit 1a**

Folders for each week per the "certification Plan Weeks 1 thru 6 on the "Velocity drive



**NOTE:** where he makes the statement "WE (Velocity) plan to use this model to certify other resources within Velocity so you are the test bed.

We plan to use this model to certify other resources within Velocity, so you are the test bed. It's going to require that you commit extra hours to complete this each week.

**Exhibit 2**

13

Snapshot file location on Velocity drive directories for stolen intellectual property for both Finance and Procurement



**Exhibit 3**

They were so arrogant about the theft of the intellectual property that they named the drive where it was housed "Cloud Suite Academy Training Documents. They were so confident that they would be able to get away with this illegal scheme

Snapshot of the person/owner of the uploaded files. IN this, case Chad Carlson, same person who illegally recorded the sessions. Other uploaders were Michael Baldwin and Eric Lubinsky

**14**

Directory folders that match the Certification plan in exhibit

**Exhibit 4**

I asked for and received from Michael Baldwin a link to the stolen IP files in January 2018 after being released from the hospital. Velocity thought I was all in but the reason was I was about to blow the whistle on the illegal acts they had committed. As of January 2018, six months after the theft of the stolen IP and TS, VTS still planned on using them as they originally planned. Little did they know I needed hard proof and downloaded all of the files as well as I forwarded over 200 emails to my personal email address.



Wed 1/3/2018 9:03 AM

Michael Baldwin <michael.baldwin@velocitycloud.com>

**Fwd: Training Certification Plan 2017-09-05 - Jones, Garrison - Invitation to edit**

To  Garrison Jones

ⓘ If there are problems with how this message is displayed, click here to view it in a web browser.

---------- Forwarded message ----------
From: **Michael Baldwin (via Google Sheets)** <drive-shares-noreply@google.com>
Date: Fri, Sep 8, 2017 at 10:50 AM
Subject: Training Certification Plan 2017-09-05 - Jones, Garrison - Invitation to edit
To: michael.baldwin@velocitycloud.com
Cc: garrison.jones@velocitycloud.com, susan.holtapp@velocitycloud.com

Michael Baldwin has invited you to **edit** the following spreadsheet:

Training Certification Plan 2017-09-05 - Jones, Garrison

Garrison,

Attached is your certification plan that we have discussed for the CloudSuite Supply Management certification. This begins next week. The tasks are scheduled weekly and as each task is completed, please make sure to mark it completed by placing a check mark in column 1.

**Exhibit 5**

On January 19, 2018 after Velocity had received damaging information from my allegations of sexual harassment, retaliation, etc.  They revoked my email access, as they knew the source of these documents was in my email.

Exhibit 6



Mon 1/15/2018 3:49 PM

Shauna Coleman <shauna.coleman@velocitycloud.com>

**Re: Summary List Discrimination - Garrison Jones**

To  Garrison Jones

Hi Garrison,

Since this is the first time I am hearing of the specific items I appreciate you forwarding this list along. I look forward to receiving all documentation against each of these claims  so we can properly investigate and in a timely manner.

Thank you,

On Mon, Jan 15, 2018 at 6:44 PM Garrison Jones <garrison.jones@velocitycloud.com> wrote:

Exhibit 7

**16**

Exhibit 8

After receiving detail list, I received this email message just 1 day after damaging info received by Velocity

**From:** Shauna Coleman <shauna.coleman@velocitycloud.com>
**Sent:** Wednesday, January 17, 2018 5:26:13 PM
**To:** Garrison Jones
**Subject:** Access Removal Notice

Good Afternoon Garrison,

 It has come to our attention that you have been accessing your work email. As you may recall, we instructed you to focus on your health and well-being and not to work while you were our on medical leave.  As per the email below you acknowledged this direction and the action you took to comply.

It appears that on or around December 28, 2017, an email-forwarding program was installed to forward e-mails from your Velocity work account to multiple personal accounts.  This is not permitted both because you should not be working while you are on medical leave and because company e-mails should not be forwarded to a personal e-mail address.  It is because of this that we have removed your account access.  If you have any questions, please contact me directly.

This was a ploy to stop me from accessing the information, it failed

First, it was email then on Jan 18, 2018.  I tried to access the link that was just given to me 5 days prior and received the message below that

"Can't **access this recording because it had been deleted or no longer available by defendants.**

**17**



can't access this recording because it has been deleted or is no longer available. For more information, contact the

© 2018 Cisco and/or its affiliates. All rights reserved. Privacy Notice

## EMPLOYMENT FRAUD – PLAINTIFF TERMINATION

Preface- Defendants illegal terminated the plaintiff while plaintiff was recovering from a stroke in November 2017.  Plaintiff had his email access to defendant corporate email system after he submitted 15 page complaint.  After defendant saw the source of incriminating documents, they revoked plaintiff's access, as a result communication continued on plaintiff's personal email.

It was apparent that defendants did not delete all connectivity as they had broken into plaintiffs email searching for more incriminating evidence in order to destroy and or delete it.  Defendants failed to properly revoke these privileges as the plaintiff on his personal email , continued to receive email messages and meeting invites from January  2018 until August 20019.

It was clear that while plaintiff was not able to access that email account that the defendants did have access and that it was still active.  Yet they were unaware that plaintiff was receiving email from their system.

**18**

Plaintiff prior to this had received a call from a recruiter in February 2018 looking to fill a Lawson procurement position upon receiving the job information, the plaintiff was shocked to find out the position the recruiter was trying to fill was his own at Velocity.

In addition, plaintiff received three separate messages from fellow consultants who informed him that his position was posted on the job boards.

Plaintiff then went to one of the job sites mentioned by his fellow consultants on Feb 24, 2018 and low and behold, his position was being posted

Employment fraud 1A – Indeed.com job posting

# Infor S3 Professional Services Lead - Procurement



Velocity Technology Solutions, Inc. - Remote



Get job updates from Velocity Technology Solutions, Inc.

**Description**

Apply your expertise to Customers in healthcare and service sectors to help them transform their Supply Chain/Procurement operations using the latest products from Infor. Become intimately involved with driving solutions for complex business problems and allowing Velocity Customers to become better providers to their clients. With your knowledge of Infor's S3 product and of best practices in supply chain operations, you will lead the solution design, build, and testing for large scale projects in the U.S. Many times, these projects will be a full scale implementation of Infor and in other cases the projects will be a tactical re-design of business processes and Supply Chain system configuration. In all cases, you will be a functional leader on a small and collaborative project team. As an Infor Professional Services Lead, your project manager and teammates will look to you as the subject matter expert and solution architect for Customers using Infor's solutions in Supply Chain (e.g., v10 and CloudSuite).

Velocity is looking for an Infor Professional Services Lead that enjoys problem solving, consulting, and designing solutions This role is part of our growing Professional Services organization and requires travel in North America. At Velocity, you will join a team of nearly 700 experts who lean in and help Customers drive better results with their ERP

Velocity Technology Solutions, Inc. Velocity Technology Solutions is a leader in enterprise and business application services, fully- managed and protected within a virtual...



Let employers find you

Thousands of employers search for candidates on Indeed

Plaintiff sent the above job posting to defendants Shauna Coleman and General Counsel Chris Heller on Feb 24, 2018 as proof of job posting

After sending this message, the next day the defendant looked for the same posting had been deleted

Plaintiff sent the following message to defendants

NOTE prior to typing this email I went back on **INDEED.COM** and the position has now mysteriously "DISSAPPEARED" no doubt by Velocity after I sent the email of Feb 24, 2018. Too late as I have a copy of it as seen below that clearly shows the Velocity logo and position they are looking for

### 2nd source

2nd - Source Indeed .com who verified the posting

### 3rd source

2.  3rd source as I also have an email from a recruiter who has a requisition he is trying to fill for the same and he identified Velocity as the client.

**20**

From: garrison jones <garrison.jones1724@outlook.com>
To: Shauna Coleman <shauna.coleman@velocitycloud.com>, Chris Heller <chris.heller@velocitycloud.com>
Date: Saturday, February 24, 2018, 1:02 PM -0700
Subject: why is my position being advertised - FMLA ???

Apparently Velocity has decided to move on and hopefully you folks have decided to settle these issues and allow me to move on

From: garrison jones <garrison.jones1724@outlook.com>
To: Shauna Coleman <shauna.coleman@velocitycloud.com>, Chris Heller <chris.heller@velocitycloud.com>
Date: Saturday, February 24, 2018, 1:02 PM -0700
Subject: why is my position being advertised - FMLA???

Apparently, Velocity has decided to move on and hopefully you folks have decided to settle these issues and allow me to move on

What is my status as last message from Shauna said I was on FMLA until

May 2018. Please advise asap. I trust a settlement is going to be processed soon

**EMPLOYMENT FRAUD – 1**

**21**

| From: | Susan Holtapp <susan.holtapp@velocitycloud.com> |
| Sent: | Thursday, March 15, 2018 8:09 AM |
| To: | Chance Veasey |
| Cc: | Garrison Jones |
| Subject: | Garrison Jones |

Chance,

I understood from our last exchange that Garrison Jones was no longer employee of Velocity. remains in ADP reporting to Michael B. Please let us know if Michael or myself have open act release Garrison.

Regards,
Susan

**Susan Holtapp-Freiday** | Velocity Technology Solutions, Inc.
Sr. Practice Director Professional Services, Infor Line of Business
o 612.333.9853 | m 612.802.5914|
eMail susan.holtapp@velocitycloud.com | Website velocitycloud.com

STATEMENT OF CONFIDENTIALITY:

This email may be confidential and/or protected by privilege. If you are not the intended recipient, disclosure, copying, distribution and/or notify us immediately at counsel@velocitycloud.com and delete this copy from your system.

March 15, 2018 plaintiff received the first mysterious email saying that he was no longer with Velocity. Message was from defendant Susan Holtapp Senior Director ,, Infor Practice to Defendant Chance Veasey, then Vice President of Infor Practice ( Chance demoted as a result failures in the theft of IP that he approved that failed) Plaintiff was cc'd on this message that went to his personal email account

**Plaintiff action** - Plaintiff sent email to defendant Shauna Coleman, HR Director, where she denied that plaintiff had been terminated. Plaintiff knew she was lying and attempting to cover up the illegal act.

Both responded that plaintiff had not been terminated

**22**

**From:** Garrison Jones <garrison.jones@outlook.com>
**Sent:** Monday, March 19, 2018 9:22 AM
**To:** chris.heller@velocitycloud.com
**Cc:** shauna.coleman@velocitycloud.com
**Subject:** Re: Employment Status - supporting Documentation - unanswered request Feb 24, 2018

So please clarify what is my employment status?

---

**From:** Garrison Jones
**Sent:** Friday, March 16, 2018 7:50:24 AM
**To:** chris.heller@velocitycloud.com
**Cc:** shauna.coleman@velocitycloud.com
**Subject:** Employment Status - supporting Documentation - unanswered request Feb 24, 2018

In response to your message as to who told me that I had been terminated

1.    I sent the message below to both you and Shauna Coleman on 2/24/2018 that neither of you responded to, as a friend tipped me off that Velocity was looking for a "Lead Procurement consultant and sent me the link to the position below.  Now again somebody for the 37th time is lying

Sources



Mon 3/19/2018 8:36 AM
Chris Heller <chris.heller@velocitycloud.com>
RE: Employment Status - supporting Documentation - unanswered request Feb 24,2018

To    Garrison Jones
Cc    Shauna Coleman

🛈 You replied to this message on 3/20/2018 11:06 AM.

Garrison,
You are a Velocity employee that is currently on unpaid leave pursuant to the Family and Medical Leave Act.

**Chris Heller | SVP & General Counsel |** Velocity Technology Solutions, Inc.
o  704.593.3423| m  816.678.5162 | f  703.935.4308 | velocitycloud.com

**23**

On the same day of the response above, plaintiff looked on defendant website and again saw that they were committing fraud and attempting to cove-up his termination as he found that his position was also being posted on internal defendant website.



Despite the fact of clear photographic and documented evidence, defendants continued their fraudulent charade that the defendant had not been terminated

Shows that when defendants are caught red handed with incriminating evidence, they immediately go into action and delete, remove, move and or destroy the evidence, however, they leave an audit trail and fail to clean up the crime scene.