IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARRISON JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 3288 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| | ) | |
| VELOCITY TECHNOLOGY SOLUTIONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Rule 60(b) motion for relief from judgment [13] is denied.

## STATEMENT

On May 8, 2018, plaintiff filed his complaint in this case, an employment matter in which plaintiff asserted claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. On August 16, 2018, the parties filed a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41. The stipulation to dismiss was with prejudice, and the Court did not retain jurisdiction for any purpose. (*See* ECF Nos. 10-11.) A year and a half later, plaintiff has filed what he has captioned as a motion, "[p]ursuant to [Federal Rule of Civil Procedure] 60(b), . . . [for] relief from illegal, unconscionable . . . settlement agreement of August 17, 2018."

In his motion, plaintiff describes what he calls "intellectual property theft" by defendant Velocity Technology Solutions ("Velocity'), alleging that Velocity has improperly recorded training sessions of another business entity, "Infor," and used the recordings illegally. He claims that he has newly discovered evidence of this "theft," including evidence of Infor's knowledge of it. According to plaintiff, in August 2019, counsel for Velocity sent him a letter acknowledging that Velocity was aware of efforts plaintiff had made to disclose this "evidence" to other individuals and even news outlets; however, counsel allegedly reminded plaintiff, he had entered into a formal agreement not to disparage Velocity. (Mot. to Vacate, ECF No. 13 at 36, PageID # 126.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a district court may relieve a party of a judgment "for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud . . . misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied . . . ; or
    (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "A district court's equitable power to grant relief under Rule 60(b) must balance the competing policies of determining cases on their true merits against the desire to preserve res judicata and achieve finality in litigation." *Koelling v. Livesay*, 239 F.R.D. 517, 521 (S.D. Ill. 2006).

    Plaintiff has not shown why relief under Rule 60(b) is appropriate. First, plaintiff appears to seek relief not from this court's judgment but from the settlement agreement that induced him to stipulate to dismiss this case. That settlement agreement formed no part of any judgment of this Court, and if plaintiff seeks relief from any obligations of that contract, he must file a new case in an appropriate state court; this Court has no power to grant such relief in this case.

    As for the judgment that this Court entered, the Court sees no reason why the intellectual property theft issues that plaintiff describes require the Court to disturb it. Plaintiff mentioned these intellectual property theft issues in his original complaint, but to the extent they played a role in his Title VII race discrimination claim, it was that Velocity allegedly used the pirated training videos to train plaintiff, who is black, instead of sending him to formal training courses, as it did for white employees. The "newly discovered evidence" that plaintiff mentions in his motion appears to relate only to the depth of Velocity's wrongdoing in the theft of these videos, not in their use in any racially discriminatory training regime, and therefore it adds little to this case that was not already in the original complaint. Additionally, it is perplexing that a cornerstone of the new evidence appears to be that Infor knew of the "theft," which would seem to reduce—not increase—the seriousness of the theft, or even disprove it as such. Regardless, the Court sees no more than a tangential relationship between any of this and plaintiff's racial discrimination claim; certainly, there is nothing suggesting so strongly that plaintiff was unable to assess the true merits of his case at the time of the judgment as to outweigh the strong interest in "achiev[ing] finality in litigation." *Koelling*, 239 F.R.D. at 521.

    For the foregoing reasons, plaintiff's motion provides no basis for the Court to disturb its judgment in this case. If plaintiff seeks relief from the obligations of his settlement agreement with Velocity, he should file a new case in an appropriate court.

Date: 12/18/2019

                                                    Jorge L. Alonso
                                                    United States District Judge